**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| 4DD HOLDINGS, LLC, and T4 DATA GROUP, LLC, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| *Defendant*, | ) ) |
| and | ) ) |
| IMMIX TECHNOLOGY, INC., | ) ) |
| *Third-Party Defendant*. | ) ) |

Case No. 15-945C

Senior Judge Eric G. Bruggink

**JOINT MOTION FOR AN ENLARGEMENT OF TIME**

Pursuant to Rule of the Court of Federal Claims ("RCFC") 6.1, the parties jointly move for a 91-day enlargement of time, up to and including July 2, 2018, within which to complete fact discovery. This extension is necessary to allow for the completion of document production and fact depositions, and to allow the parties to engage in efforts to resolve this action through Alternative Dispute Resolution. In addition, Plaintiffs and Defendant submit their respective positions regarding additional case scheduling beyond the discovery deadline.

The Court has previously amended the schedule several times since this action was initially filed on August 28, 2015. *See, e.g.,* ECF Nos. 83, 92, & 99. The current schedule calls for fact discovery to close on April 2, 2018, ECF No. 92 at 2, and Plaintiffs' opposition to Defendant's motion to dismiss is due April 23, 2018 "or no later than three weeks after the close of fact discovery." ECF No. 99 at 2. In addition, in its September 11, 2017 Order, the Court ordered that the depositions of Government witnesses "shall be postponed until document

productions are complete." ECF No. 83 at 1.

The parties respectfully submit that the requested extension of time is warranted for several reasons. First, as of this filing, the Government has not finished producing non-privileged, responsive documents relating to Plaintiffs' October 2017 document requests. Counsel for Plaintiffs and Defendant have conferred on multiple occasions over the past six weeks. The Government has indicated that there were still approximately 90,000 documents that hit on responsiveness search terms as well as privilege search terms that Government is manually reviewing for privilege. A number of these documents are likely to be produced after counsel's review is completed. Each party also needs to provide final privilege logs once document production has concluded. Given that document production has not been completed, there have been no depositions of fact witnesses given the Court's Order (*see* ECF. No. 83), although Plaintiffs have completed the Rule 30(b)(6) depositions of the Government's witnesses regarding document preservation and collection, which have resulted in the Government searching for and producing additional documents. Therefore, the current close of fact discovery on April 2, 2018 is no longer feasible.

In addition, the parties have conferred regarding the possibility of resolving this matter through mediation or another form of ADR. The parties intend to conduct this ADR while continuing fact discovery, but recognize that there will be time necessarily devoted to resolution efforts that further justifies extending fact discovery to July 2, 2018.

The extension of time is also warranted because plaintiffs have not finished producing updated interrogatory responses in advance of fact depositions. Plaintiffs sent their initial interrogatory responses in October 2016, and stated in their responses that they would produce updated responses as their review of documents progressed. As noted above, the Government

expects to complete its document production shortly. Counsel for Plaintiffs and the Government have conferred regarding the production of these updated interrogatory responses, and counsel for the Government has informed counsel for Plaintiffs that these interrogatory responses will likely be important in deciding which of Plaintiffs' witnesses may be deposed, as well as the substance of the depositions. Therefore, the Government submits that the extension of time is warranted to allow time for production of these interrogatory responses prior to depositions. While Plaintiffs do not agree that fact depositions cannot proceed before Plaintiffs have updated their interrogatory responses, Plaintiffs are prepared to do so once the Government has completed its document production and Plaintiffs have had an opportunity to assess the additional documents the Government provides.

Therefore, to allow the parties to complete fact discovery and engage in ADR, the parties jointly move for the enlargement of fact discovery for 91 days, up to and including July 2, 2018. The parties respectfully submit their positions regarding setting additional deadlines below.

**Plaintiffs' Position:**

In addition, to ensure that the July 2 fact discovery deadline is met, plaintiffs propose the following schedule:

April 2, 2018 – All parties complete document production and produce privilege logs

April 2, 2018-July 2, 2018 – Fact depositions.[1]

May 18, 2018 – The parties will participate in ADR, and endeavor to do so by May 18, 2018.

---

[1] The parties have agreed to the deposition of one government witness on March 26, 2018 because the witness is retiring as of March 30, 2018. As of now, Plaintiffs have requested the depositions of five Government witnesses, but Plaintiffs anticipate deposing additional Government and third-party fact witnesses.

3

July 2, 2018 – Fact discovery closes.

July 23, 2018 – Plaintiffs' Opposition to Defendant's Motion to Dismiss is due.

Having Court-ordered production and privilege log deadlines will assist the parties in achieving a timely and orderly completion of fact discovery.  The proposed schedule also retains the Court's existing order that the Plaintiffs' opposition to the United States' motion to dismiss is due three weeks after the close of fact discovery.  See ECF No. 99 at 2.

In addition, Plaintiffs submit that it is appropriate and helpful for the Court to set a schedule for the remaining case deadlines, up through and including a trial date in the first quarter of 2019.  At this time, Plaintiffs believe that sufficient progress has been made such that the remaining deadlines can be set in an informed manner, and that establishing the balance of the case calendar will assist the parties in ensuring continued momentum towards resolving the case (either as a result of successful ADR efforts or through a litigated outcome).  Therefore, Plaintiffs proposed to Defendants the following additional case schedule:

| Date | Event |
|---|---|
| August 1, 2018 | Plaintiffs' Opening Expert Reports |
| August 6, 2018 | Government's Reply in Support of its Motion to Dismiss |
| August 31, 2018 | Government's Expert Reports |
| September 14, 2018 | Plaintiffs' Rebuttal Expert Reports |
| October 1, 2018 | Expert Discovery Closes |
| November 2, 2018 | Parties File Motions for Summary Judgment |
| December 3, 2018 | Parties File Oppositions to Motions for Summary Judgment |
| December 18, 2018 | Parties File Replies in Support of Motions for Summary Judgment |

Plaintiffs understand the government's chief objection to this schedule to be that it does not provide the government with sufficient time for designating experts and providing reports.

While Plaintiffs do not agree that concern is valid, as Plaintiffs had indicated to the government, Plaintiffs would be prepared to identify their expected testifying experts, and the general subject matter the experts would be addressing, in advance of the proposed August 1 deadline for serving opening expert reports (for example, by July 1). This would allow the government more time to retain experts and begin working with them prior to serving responsive reports on the proposed August 31 date.[2]

For all of these reasons, Plaintiffs respectfully submit that the Court should issue a schedule for the remainder of the case, either in the dates that Plaintiffs propose above or other dates that the Court deems appropriate.

**Defendant's Position:**

Although we agree with plaintiffs regarding the extension of time to conduct fact discovery until July 2, 2018, we object to the interim dates prior to July 2 included in plaintiffs' proposed schedule. Instead, the Government proposes that the Court simply amend the fact discovery cut-off to July 2, 2018, similar to the Court's prior extension of the fact discovery cut-off. *See* Order, Apr. 27, 2017, ECF No. 72. We also provide an alternative schedule for post-fact discovery events.

The Government objects to plaintiffs' proposed April 2, 2018 deadline for production of documents and privilege logs because it is not consistent with our prior discussions with plaintiffs, in which we advised plaintiffs that we will, absent unforeseen circumstances, review the documents withheld for potential privilege by the end of March. Plaintiffs have noticed five

---

[2] Relatedly, Plaintiffs do not agree that the Government should depose Plaintiffs' expert witnesses prior to the Government serving its own expert reports, as the Government suggests below; rather, Plaintiffs submit that the most efficient course is for the parties to serve all expert reports, and then complete expert depositions.

5

Government fact witnesses for deposition. We agreed with plaintiffs that we would produce any de-privileged documents relating to these five witnesses on a rolling basis, which we anticipate to be completed by the end of March. We also advised plaintiffs that the production of documents relating to document custodians other than these five witnesses and the preparation of privilege logs may require additional time beyond the end of March because of the production time required after review of the documents.

We believe that this rolling production will enable currently-scheduled depositions to proceed without the need for a court-imposed deadline for production of privilege logs. We also note that plaintiffs have yet to produce their privilege log from the Government's initial document request after plaintiffs clawed back their initial production for the purpose of removing inadvertently-privileged documents in October 2016, over sixteen months ago. Therefore, we do not believe that setting a deadline for service of privilege logs is necessary, and further state that the April 2 date proposed by plaintiffs is not appropriate.

The Government objects to plaintiffs' proposed May 18, 2018 deadline for alternative dispute resolution (ADR). Although the parties are exploring the possibility of ADR, ADR is a voluntary process, and, therefore, a court-imposed deadline for ADR is not necessary or called for by the Court's rules. We also believe that an extension of fact discovery until July 2, 2018, is warranted regardless of whether the parties engage in ADR. Therefore, we object to plaintiffs' proposal of including a deadline for ADR, including specifying the form of ADR as mediation, as part of the extension of fact discovery.

As for the post-July 2 deadlines proposed by plaintiffs for expert discovery and summary judgment briefing, we note that the Court's current schedule does not include these events, and so defer to the Court as to whether it is necessary to schedule these events at this time. *See* Joint

Status Report, at 3, July 25, 2016, ECF No. 40 ("Within seven days of the completion of fact discovery, the parties will propose a schedule for expert discovery."); Order, July 26, 2016, ECF No. 41 (accepting schedule in joint status report); RCFC, Appendix A, ¶¶ 11-12 (providing for summary judgment deadlines to be scheduled at post-discovery conference).  If the Court wishes to schedule these events at this time, however, the Government proposes the following schedule:

| | |
|---|---|
| July 2, 2018 | Fact Discovery closes |
| July 23, 2018 | Plaintiffs' Opposition to Defendant's Motion to Dismiss is due. |
| August 1, 2018 | Plaintiffs' Opening Expert Reports |
| August 6, 2018 | Government's Reply in Support of its Motion to Dismiss |
| September 30, 2018 | Government's Expert Reports |
| October 14, 2018 | Plaintiffs' Rebuttal Expert Reports |
| November 1, 2018 | Expert Discovery Closes |
| December 3, 2018 | Parties File Motions for Summary Judgment |
| January 17, 2019 | Parties File Oppositions to Motions for Summary Judgment |
| January 31, 2019 | Parties File Replies in Support of Motions for Summary Judgment |

With respect to the proposed deadlines for expert discovery, we propose to extend the time for production of Government expert reports from 30 days in plaintiffs' schedule to 60 days because we anticipate that this time will be necessary to analyze plaintiffs' expert reports, depose plaintiffs' experts, and furnish rebuttal reports.  Particularly given that we do not know the number or substance of plaintiffs' expert reports at this time, we believe that the 60-day timeframe is a more reasonable estimate of the time that will be required to accomplish these tasks.

With respect to summary judgment briefing, we have proposed a 45-day period for

responses to summary judgment motions rather than the 30 days proposed by plaintiffs. We believe that this amount of time is reasonable due to the potential complexity of the issues raised by summary judgment and the potential limited availability of personnel for preparation and review of the motions during the holiday season.

## CONCLUSION

For the foregoing reasons, the parties jointly move the Court to enlarge the time to complete fact discovery up to and including July 2, 2018. Plaintiffs also respectfully request that the Court enter a schedule for the balance of the case, either as Plaintiffs have proposed or with alternate dates that the Court deems appropriate. Defendant respectfully joins the request to enlarge the time for fact discovery to July 2, 2018, but objects to the additional pre-July 2 dates proposed by plaintiffs and defers to the Court as to the setting of post-fact discovery dates as discussed above.

Dated: March 16, 2018

        Respectfully submitted,

        /s/ Edward H. Meyers
        Edward H. Meyers, *Counsel of Record*
        Pat A. Cipollone, P.C.
        Robert B. Gilmore
        Philip J. O'Beirne
        **STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP**
        1100 Connecticut Avenue, NW Suite 1100
        Washington, D.C. 20036
        Telephone: (202) 737-7777
        Facsimile: (202) 296-8312
        Email: emeyers@steinmitchell.com

        Attorneys for Plaintiffs

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


/s/ Elizabeth M. Hosford (with permission)
ELIZABETH M. HOSFORD
Assistant Director


/s/ John J. Todor (with permission)
JOHN J. TODOR
Senior Trial Counsel
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-2382
Fax: (202) 514-8640
Email: john.todor@usdoj.gov

Attorneys for Defendant



/s/ Sara M. Lord (with permission)
Sara M. Lord
Arnall Golden Gregory LLP
1775 Pennsylvania Avenue, N.W., Ste 1000
Washington, D.C. 20006
Tel: (202) 677-4054
Email: sara.lord@agg.com


Attorneys for Immix Technology, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which served the parties electronically.

/s/ Edward H. Meyers