**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| 4DD HOLDINGS, LLC, and | ) | |
| T4 DATA GROUP, LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | Case No. 15-945C |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Senior Judge Eric G. Bruggink |
| *Defendant*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| IMMIX TECHNOLOGY, INC., | ) | |
| | ) | |
| *Third-Party Defendant*. | ) | |
| _____ | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's May 1, 2018 Order [Dkt. No. 108], the Parties submit this Joint Status Report regarding ongoing discovery progress.

1.   **Mediation**

**Plaintiffs' Statement:**  The parties have discussed scheduling and conducting a mediation in July 2018.  At Plaintiffs' request, the Government provided a list of mediator candidates, and the parties have agreed on selecting one of those candidates.  The parties are in active discussion about the selection of the appropriate mediator and the exchange of information relevant for a meaningful and productive settlement negotiation.

**Government Statement**:  The Government states that it is continuing to confer with plaintiffs regarding scheduling and conducting a mediation.

2.   **Discovery**

**Plaintiffs' Statement:**

a. **Party Discovery.** The parties have substantially completed their document productions and are in the process of finalizing their privilege logs. In addition, Plaintiffs have served the Government with an additional interrogatory and request for production, aimed at information relevant for Plaintiffs' damages. Plaintiffs also have served their initial set of Requests for Admissions in an effort to narrow the issues in dispute, based on the documentary and deposition evidence adduced to date.

Plaintiffs have deposed four key Government witnesses: David Calvin, the DMiX Project Chief Engineer; Sheila Swenson, the Contracting Officer's Representative; Gina Walker, the Contracting Officer; and Mark Grooms, the testing infrastructure lead for the Government's office overseeing the DMiX project.   Plaintiffs also have deposed the Government's Rule 30(b)(6) witnesses on document preservation/destruction/collection matters.   Plaintiffs anticipate that they will need to depose three to five additional Government fact witnesses as well as the Government's Rule 30(b)(6) merits witness(es). The parties have met and conferred regarding the Rule 30(b)(6) merits depositions, in an effort to reach an agreement on the scope of those depositions.

As the Court may recall from prior discovery conferences, Mr. Calvin and Ms. Swenson verified the Government's responses to Plaintiffs' interrogatories, which were served in 2016. Among other things, those interrogatories asked the Government to identify the total number of copies of Tetra installed during the DMiX project. Mr. Calvin then submitted three declarations in response to questions that Plaintiffs raised about the accuracy of the Government's responses— the last of which the Court directed Mr. Calvin to submit at the August 9, 2017 status conference. The recent depositions of the Government witnesses, including in particular Mr. Calvin and Ms. Swenson, reveal that the Government's counts provided to 4DD, both during the so-called "true-up" discussions during 2014-15, and even in this litigation through the Government's sworn

interrogatory responses and witness declarations, have been inaccurate, untrue, and omitted numerous locations containing Tetra. Furthermore, discovery also has confirmed that after this case was filed, the Government destroyed significant evidence in the Government's development testing center (DTC) and on government-furnished computers that prime contractor Systems Made Simple (SMS) had used but returned to the Government.

As a result of the parties' meeting and conferring, and as the Government notes below, the Government informed Plaintiffs that Mr. Calvin would be providing yet another declaration regarding the count of Tetra copies, and would be made available as the Government's Rule 30(b)(6) witness on this topic. The Plaintiffs reserve all rights regarding these issues. With respect to Plaintiffs' supplementation of their response to the Government's interrogatory, which the Government raises below, Plaintiffs will be supplementing their interrogatory response to provide their current understanding of the number of copies of Tetra that the Government or its contractors made, to the extent possible given the destruction of evidence that occurred, and will do so after the Government provides its updated discovery response and 30(b)(6) testimony. Plaintiffs have requested to meet and confer with the Government regarding the number of Tetra copies the Government made, as well as the Government's spoliation of evidence. If the Government does not agree to provide adequate relief given these issues by agreement, Plaintiffs intend to move the Court for appropriate remedies on these issues as well and reserve all rights regarding these issues as well.

**b. Discovery from Third-Parties.** Plaintiffs have deposed three current and former SMS employees (Robert Matus, Regina Frost, and Matt Jenks), and have taken Rule 30(b)(6) depositions of two third-party contractors, Axiom and ManTech. Plaintiffs anticipate deposing three to five additional third-party witnesses.

Plaintiffs anticipate pursuing additional document production from SMS, a prime contractor on the DMiX project. As the Court is aware, Plaintiffs have invested significant efforts to pursue documents from SMS. At the January 5, 2018 discovery conference before the Court, counsel for SMS had represented to the Court that the company did not have any additional responsive documents not already produced—despite Plaintiffs pointing out that the Government had produced many more relevant emails sent to or from SMS email accounts than had SMS itself. In its January 5, 2018 order, the Court stated it is "satisfied by the representations made on the record by counsel for SMS that SMS produced all relevant documents in its possession when it responded to prior discovery requests from plaintiffs and to the government's letter of October 13, 2017."

Those representations, however, have proven to be untrue. After depositions of several SMS employees, SMS made a supplemental production on Friday, June 8, 2018. That production contained dozens of emails that explicitly concern the installation of Tetra in both the Government and SMS environments, and nearly all expressly reference the terms "4DD" or "Tetra." SMS has offered no explanation of why only now—two years after it first received Plaintiffs' document subpoena—it finally produced these documents. Notwithstanding this production, however, it is apparent that SMS has not produced all relevant emails and other documents. For example, SMS still has not produced a number of the emails and documents from SMS that the Government itself produced in discovery, nor has SMS produced its internal emails and documents relating to such documents (e.g., internal-side email communications concerning emails sent to or received from the Government, or drafts of reports made to the Government). Plaintiffs anticipate continuing to seek documents from SMS, including through the Court's intervention if necessary. These

documents are highly relevant for the issues of the Government's authorization and consent of SMS's copying of 4DD's software, as well as the number of such copies that SMS made.

**Government Statement**:   The Government states that it has conferred with plaintiffs regarding the scope of plaintiffs' most recent interrogatory and request for production of documents.   The Government served its objections and responses to plaintiffs' third set of interrogatories and third set of requests for production of documents on June 18, 2018.

Additionally, the Government is completing its privilege log and list of documents to be treated as Attorneys' Eyes Only under the Court's protective order for the second tranche of documents produced, and expects to produce those documents to plaintiffs in the near term.   The Government is awaiting plaintiffs' privilege log, as well.

Also, as plaintiffs discuss above, the Government has not yet received updated interrogatory responses from plaintiffs.   These interrogatories seek information regarding, among other topics, the number of copies of the TETRA software that plaintiffs allege to constitute copyright infringement and plaintiffs' working relationship with the contractor SMS, both of which are central to the Government's understanding of, and defenses to, plaintiffs' claims. Therefore, if plaintiffs do not produce their updated responses more than two months prior to the close of fact discovery, the Government reserves the right to request additional time for its affirmative fact discovery, to provide the Government adequate time to review the responses and any underlying documents cited by plaintiffs in advance of depositions of plaintiffs' witnesses.

Plaintiffs have not noticed the depositions of any Government fact witnesses other than the four fact witnesses listed above.   We have conferred with plaintiffs regarding the scope of the Government's merits Rule 30(b)(6) deposition.   We anticipate noticing plaintiffs' fact witnesses

for deposition and a possible Rule 30(b)(6) deposition of plaintiffs once we receive plaintiffs' updated interrogatory responses.

The Government disputes plaintiffs' characterization that recent depositions "reveal that the Government's counts provided to 4DD, both during the so-called 'true-up' discussions during 2014-15, and even in this litigation through the Government's sworn interrogatory responses and witness declarations, have been inaccurate, untrue, and omitted numerous locations containing Tetra."  Nonetheless, because plaintiffs have not filed a motion with respect to this issue, the Government will preserve its formal response until such a motion is filed.

We note, however, that such characterizations of the factual record are premature given that discovery is ongoing.  Previously, the Government has produced three declarations from the chief engineer on the project, Mr. David Calvin, in order to update our interrogatory responses regarding the number of installations.  Plaintiffs deposed Mr. Calvin as a fact witness on May 16, 2018.  After the deposition, plaintiffs' counsel requested that Mr. Calvin update his declarations in light of documents discussed at the deposition.  In order to avoid further conflict on this issue, the Government has agreed to provide an updated declaration by Mr. Calvin, and to proffer Mr. Calvin as a Rule 30(b)(6) witness on the topic of the installations, at which time plaintiffs will have the opportunity to question Mr. Calvin regarding the updated declaration.  Counsel for the parties have also conferred regarding the Government's response to plaintiffs' first set of requests for admission, and have agreed to a brief extension for the Government's response pending the production of the updated declaration from Mr. Calvin.

Similarly, the Government disputes plaintiffs' statement that "after this case was filed, the Government destroyed significant evidence in the Government's development testing center (DTC) and on government-furnished computers that prime contractor Systems Made Simple

(SMS) had used but returned to the Government."  Plaintiffs' characterizations of Government activities as constituting spoliation are unsupported.  We understand from plaintiffs' statement here that they request to meet and confer regarding this issue, and we are prepared to do so.  In addition, the Government previously provided a Rule 30(b)(6) deposition on the topic of document retention to address this issue.  However, because plaintiffs have not filed a motion with respect to this issue, the Government will preserve its formal response until such a motion is filed.

The Government takes no position on the dispute between plaintiffs and SMS regarding the scope of SMS's document production.  Nevertheless, the Government reserves the right to request additional time, if necessary, for its affirmative fact discovery to review any additional documents produced by SMS.  Similarly, if plaintiffs amend their interrogatory responses in light of any additional documents produced by SMS, the Government reserves the right to request additional time for its affirmative fact discovery in light of these amended responses.

### 3.   Case Schedule

**Plaintiffs' Statement:**  In light of the remaining discovery and the parties' efforts at mediating the case, Plaintiffs anticipate that the parties will need a modest amount of additional time beyond the existing schedule.  Plaintiffs request that the Court extend the existing schedule to September 14, 2018 for the close of fact discovery and October 5, 2018 for Plaintiffs to file their opposition to the Government's partial motion to dismiss, if the Government does not withdraw that motion.  Plaintiffs also propose that the parties notify the Court of the case's status after mediation, and if necessary to schedule a status conference to set the remaining case schedule going forward.

**Government Statement**:  The Government consents to the request to extend fact discovery until September 14, 2018, and to extend the motion response date to October 5, 2018.  For the

Government's affirmative fact discovery, however, the Government has previously communicated to plaintiffs that it will need a minimum of two months after receipt of plaintiffs' updated interrogatory responses to adequately prepare for its depositions of plaintiffs' witnesses.   As discussed above, the Government believes this extension is necessary to give the Government sufficient time to review plaintiffs' responses and the underlying documents, as well as prepare for depositions of plaintiffs' fact witnesses.   Therefore, if plaintiffs do not provide their updated interrogatory responses more than two months prior to the close of fact discovery, the Government reserves the right to request additional time for its affirmative fact discovery in light of these updated responses.

Respectfully submitted,

*/s Edward H. Meyers*_____
Edward H. Meyers
 *Counsel of Record*
Pat A. Cipollone, P.C.
Robert B. Gilmore
Philip J. O'Beirne
**STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, D.C. 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
Email: emeyers@steinmitchell.com

Dated: June 22, 2018

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


/s/ Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director


/s/ John J. Todor
JOHN J. TODOR
Senior Trial Counsel
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2382
Fax: (202) 307-0972
Email: john.todor@usdoj.gov

June 22, 2018                                    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the ECF system.

*/s/ Edward H. Meyers*